

FILED
FEB 2 1 2007

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RENEE JENSEN, | * | CIV. 07- 4022 |
| Plaintiff, | * | |
| vs. | * | **COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| JAMIE MONDRAGON and MONDRAGON CONSTRUCTION & TILE, | * | |
| Defendants. | * | |

COMES NOW Plaintiff by and through counsel of record, to bring her cause of action against Defendants for discrimination as follows:

## I. JURISDICTION AND VENUE

1. That this Court has jurisdiction of this claim pursuant to 42 U.S.C. § 2000e-5(f) (3), 28 U.S.C. §§ 1331 and 1343(4), as well as SDCL § 20-13-35.1. This civil action arises under the laws of the United States, as well as the State of South Dakota. The Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, and SDCL § 20-13-10. This Court further has jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as well 28 U.S.C. § 1332, diversity of citizenship.

2. That venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). Jamie Mondragon is a resident of Yankton, County of Yankton, South

Dakota, and Mondragon Construction & Tile is doing business in Yankton, South Dakota, and the unlawful employment practice of which the Plaintiff is complaining was committed in Yankton in the State of South Dakota.

## II. PARTIES

3. That Plaintiff Renee Jensen, now Renee Carman, presently resides in Hadar, Nebraska, and at the time of her employment with Defendant resided at 31047 446th Avenue, Mission Hill, South Dakota. That Plaintiff was employed by Defendant Mondragon Construction & Tile as a staff person, and reported and worked under the supervision of Jamie Mondragon.

4. That Defendant Jamie Mondragon is an individual who was an owner of Mondragon Construction & Tile located in Yankton, South Dakota, and in the position of owner at all times pertinent hereto.

## III. PROCEDURAL REQUIREMENTS

5. That on or about May 16, 2005, Plaintiff filed a charge of discrimination with the Division of Human Rights, satisfying the requirements of U.S.C. § 2000e-5(b), (e), SDCL § 20-13-29, and SDCL § 20-13-31. Probable cause was issued in favor of the Plaintiff on January 20, 2006, and the South Dakota Division of Human Rights administratively closed their file on March 3, 2006, giving Plaintiff the right to sue within one year under South Dakota Law (SDCL § 20-13-35.1).

6. That the incidents described in Part IV below are part of continuing series of incidents of harassment, which began in February 2005, and ended in

Plaintiff's resignation on May 5, 2005.

## IV. CLAIM FOR RELIEF

### INTRODUCTORY ALLEGATIONS

7. That Plaintiff was hired in early February 2005, and was discharged during the week of February 25th, because she had been ill.

8. That Plaintiff was rehired the week of March 21, 2005, and later found out that the person who had replaced her left because she had been sexually harassed by Defendant Jamie Mondragon.

9. That even though it was known to Plaintiff that Defendant Mondragon was married, Mondragon repeatedly made sexual advances and requested sexual favors.

10. That in April 2005, Defendant Mondragon asked Plaintiff to accompany him to a conference in New Orleans, and told her that they would share a room with a Jacuzzi tub.

11. That later in April 2005, Defendant Mondragon asked Plaintiff to accompany him to Sioux Falls for the same reason.

12. That all times pertinent, Plaintiff refused any advances, and asked Mondragon to stop.

13. That on April 28, 2005, Defendant Mondragon threatened to fire Plaintiff. Later in the day, he asked if she would come to work on Saturday and stay late after work with the suggestion of sexual involvement by Mondragon.

14. That on May 2, 2005, Defendant Mondragon held a knife six (6) inches from Plaintiff's stomach and asked Plaintiff to take her clothes off. Thereafter,

Plaintiff quit employment and immediately contacted the police.

## COUNT ONE – SEXUAL HARASSMENT

15. That Plaintiff is a woman and as such is a member of a group protected from discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, as well as SDCL § 20-13-10.

16. That from February 2005 to May 2005, Defendant Jamie Mondragon made sexual advances against Plaintiff by asking Plaintiff to have sex with her, or leave town with her, or go to conventions with her, or have her stay late or come in weekends to have sex.

17. That Plaintiff did not welcome the advances, rejected them, and advised Mr. Mondragon that his advances were unwelcome.

18. That Defendant Jamie Mondragon had the power to alter or affect the terms of Plaintiff's employment in hiring and firing.

19. That Defendant's advances were directed at Plaintiff because of her sex.

20. That Plaintiff sustained an economic detriment resulting from her finally having to resign from her employment.

## COUNT TWO – HOSTILE WORK ENVIRONMENT

21. That Plaintiff restates and realleges Paragraphs 1 through 20 as if set forth herein.

22. That the sexual harassment from Defendant Mondragon adversely affected Plaintiff's psychological being, and interfered with her work performance.

23. That Defendant threatened Plaintiff's employment in an effort to persuade her

to grant sexual favors to him.

24. That Plaintiff has had severe emotional distress attributable to the harassment.

25. That Defendant acted with malice and reckless indifference to Plaintiff's physical and emotional well-being, and Plaintiff's civil rights.

## COUNT THREE – STATE LAW CLAIMS

26. That Plaintiff's claims against Defendant constitute discrimination in accordance with the South Dakota Human Relations Act of 1972, SDCL Chapter 20-13.

27. That Defendants' actions also constitute intentional infliction of emotional distress, which is the legal cause of personal injuries to Plaintiff, including medical and therapeutic expense, pain and suffering, loss of enjoyment of life, past and future loss of earnings and employability.

WHEREFORE, based upon Plaintiff's cause of action under State and Federal law, Plaintiff respectfully prays that the Court award Plaintiff as follows:

(1) For an order requiring Defendant to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described in this Complaint.

(2) That Plaintiff be awarded back pay, including overtime pay, pension benefits and other benefits, which would have accrued if Plaintiff's employment had not been terminated in an amount to be determined at trial.

(3) That Plaintiff receive compensatory damages for her pain and suffering and emotional distress, and related medical and therapeutic expenses in an amount to be determined at trial.

(4) That Plaintiff be awarded punitive damages under SDCL § 21-3-2 in an amount to be determined at trial.

(5) That Plaintiff be awarded attorney fees, including expert witness fees pursuant to 42 U.S.C. § 2000e-5(k).

(6) That Plaintiff be awarded costs, interest and such other relief as the Court may deem just and proper.

Dated at Sioux Falls, South Dakota, this 21 day of February, 2007.

HOY TRIAL LAWYERS, PROF. L.L.C.

_____
Scott G. Hoy
1608 W. Russell Street
Sioux Falls, SD 57104
(605) 334-8900
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff by and through her counsel of record and hereby demands trial by jury.

_____
One of the attorneys for Plaintiff